**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID HARDY, # 159525,

        Petitioner,

v.                                                 Case No. 10-cv-14310
                                                 Honorable George Caram Steeh

STEVE RIVARD,

        Respondent.

_____/

**ORDER DENYING MOTION TO APPOINT COUNSEL**

        Pending before the Court is Petitioner David Hardy's "Motion to Appoint Counsel." (Dkt. # 3.) On October 27, 2010, Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, in the Western District, alleging that he is incarcerated in violation of his constitutional rights. The case was transferred to this district because Hardy was convicted in this district. He was convicted in the Oakland County Circuit Court of carrying a concealed weapon, MICH. COMP. LAWS § 750.227, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and felony firearm, MICH. COMP. LAWS § 750.227b. He was sentenced to two prison terms of three to thirty years and a consecutive term of two years. In the pending motion, Hardy is requesting that the Court appoint him an attorney because the issues in his case are complex and substantial. For the reasons stated, the Court will deny his motion.

        There exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal

quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The Court determines that the interests of justice do not require appointment of counsel at this time. The Court will reconsider Hardy's request if, following a review of the pleadings and the necessary Rule 5 materials, the Court determines that appointment of counsel is necessary. Hardy need not file additional motions on this issue.

Accordingly, **IT IS ORDERED** that Petitioner Hardy's "Motion to Appoint Counsel" [Dkt. # 3] is **DENIED WITHOUT PREJUDICE**.

Dated: December 29, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 29, 2010, by electronic and/or ordinary mail and also to David Hardy at Mid-Michigan/Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

S/Josephine Chaffee
Deputy Clerk