UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HARDY,

      Petitioner,

v.                                                Civil Action No. 2:10-cv-14310
                                                Honorable George Caram Steeh

THOMAS BIRKETT,

      Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION FOR RELEASE**

Pending before the Court is Petitioner David Hardy's "Motion for Release Pending Review of Petitioner's Writ of Habeas Corpus" [ECF No. 35], filed on September 24, 2012. For the reasons set forth below, the motion is denied.

Petitioner seeks immediate release from custody or release on bail pending disposition of his habeas petition. Petitioner's argument in favor of release on bail relies upon Federal Rule of Appellate Procedure 23(b) and (c).

Rule 23(b) states:

> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> (1) detained in the custody from which release is sought;
> (2) detained in other appropriate custody; or
> (3) released on personal recognizance, with or without surety.

Rule 23(c) states:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of

> either court orders otherwise–be released on personal recognizance, with or without surety.

To receive bond pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction [] it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Neither Rule 23(b) nor 23(c) applies to Hardy's case. Moreover, a request for release on bond under rule 23(b) requires a more stringent showing than a request under rule 23(c).

> At the outset, it is necessary to distinguish between bail pending the district court's review of a petition for habeas relief and bail pending review by an appellate court of an order of the district court granting a writ of habeas corpus. The latter case is governed by Rule 23(c) of the Federal Rules of Appellate Procedure. [footnote omitted]. In *Hilton v. Braunskill*, 481 U.S. 770, [] (1987), the Supreme Court held that when a writ has issued, the court has discretion to release the prisoner using "the traditional standards governing stays of civil judgments," *id.* at 774, [], such as likelihood of success on the merits, irreparable injury, injury to other parties, and the public interest. *Id.* at 776, [].
>
> On the other hand, when bail is sought by a prisoner who has been convicted in either state or federal court and the district court has denied the collateral relief sought, the standard for bail is, of course, more stringent.

*Smith v. Berghuis*, No. 1:03-cv-87, 2009 WL 1309364 (W.D. Mich. Mar. 11, 2009) (citing *Landano v. Rafferty*, 970 F.2d 1230, 1238 (3rd Cir. 1992)).

Petitioner claims that he should be released because his imprisonment is unconstitutional, he will not flee, there are substantial questions of law and fact in his case likely to result in reversal, his mother is very ill and needs his help, his own child is having problems, and he himself has numerous health issues that are not being addressed by the Corrections's Health Care Department.

The Court finds Petitioner's claims insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond. Moreover, the Court has neither denied or granted Hardy habeas relief; the Court has yet to review all the pleadings and the necessary Rule 5 materials in this case. Hardy's request is premature. Therefore, the Court will deny his request for immediate release from custody.

Accordingly, **IT IS ORDERED** that Hardy's "Motion for Release Pending Review of Petitioner's Writ of Habeas Corpus" [ECF No. 35] is **DENIED**.

Dated: October 10, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on
David Hardy #159525, Kinross Correctional Facility,
16770 S. Watertower Drive, Kincheloe, MI 49788
on October 10, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk